Good morning, Your Honors. My name is C.J. Potter. I'm from the District of Nevada and I represent the Appellant Brian Hiser. I'm going to try to reserve a few minutes. Try to keep your voice up. Would you please, sir? Yes, sir. Sorry. I'll keep my eye on the clock. May it please the Court, this Court should reverse the District Court's grant of summary judgment because a jury is entitled to determine whether the appellees violated Mr. Hiser's conviction when they intentionally disobeyed the court order, transferred him to prison after his conviction had been stricken, and then held him in solitary confinement when he complained in retaliation. To which appellants did you refer? The appellees? No, you say, to which appellees do you refer? All of them? All of them. Because Mr. Hiser was being, his conviction had been stricken and his sentence was vacated, the District Court, the State District Court, Nevada's 8th Judicial District, ordered that he be held as a pretrial detainee at the Clark County Detention Center, which is operated by Las Vegas Metropolitan Police Department. We named the two officers who, from Metro, as does, which is permissible under Nevada pleading practice. We didn't get the opportunity to ascertain their identities in discovery, but those appellees transferred Mr. Hiser to the Department of Corrections. Once he was in the Department of Corrections, the allegations are that he personally advised each and every one of the Nevada Department of Corrections individual defendants. Does your claim rest on the notion that there's a 14th Amendment right to be detained in county jail as opposed to state prison? When you're a pretrial detainee, you are, and I... Well, no, tell me where that, I've never, could the state of Nevada have a system under which pretrial detainees were detained at the state prison rather than the county jail? State law might prohibit it, but does the Constitution prohibit it? It does prohibit it, but when it uses punishment as a barrier. But that's not what I asked. I asked, is there a constitutional right to be detained pretrial in a county jail as opposed to a state prison? There is, Your Honor, and that's because he didn't have any conviction and he was being punished. Well, but you keep saying he was being punished, but you don't contest that they had the right to detain him. He was being, he was able to be detained as a pretrial detainee. Well, and the truth is he really wasn't a pretrial detainee. They made a special deal for him. He pleaded guilty, they vacated it, they were going to reinstate the guilty plea. They were trying to manipulate the system, and I don't say that badly, to get him into federal jail first. But there's no doubt that your client had no right to be at large, do you agree? He could have been at large if he'd posted bail, but he was, I agree. Come on, your client, if your client, if there was no deal to let him go, the deal was to keep him in the county jail until the feds came and took him to put him in federal prison, right? He's never been taken to federal prison either. I know, but just, let's not fight, let's not quibble about the facts here. Otherwise, I'm asking an important question. My question is, do you have a constitutional right, put aside whether you're being punished, to be detained in a county jail as opposed to a state prison, a waiting trial? You do, because you can't be held in prison if you're not convicted. Well you say that. Tell me what part of the Constitution that comes from. And a point, Bell v. Wolfish, Castro v. County of Los Angeles. No, no, they all say you can't be punished as a pretrial detainee. I'm asking a different question. My question is, let's assume the state of Nevada said we're tired of having county jails. Big expense. We'll put all pretrial detainees in the prison. We'll make certain we don't punish them while they're there. We'll detain them in the prison. Does the Constitution prohibit that? It does not prohibit that, if that was the scheme that was put in place, but that's not what happened here. He is being held as a pretrial detainee, and that's... So how is it, now you get to the punishment issue, how is he being punished, other than the fact of being housed physically in the prison, differently than he would... How is his punishment different than sitting in the county jail? Because he was held in solitary confinement. That's 23-hour-a-day lockdown. And that was done because he was complaining, he was saying, hey, I haven't been convicted of anything, I can't be serving this time. So as I understand it, and maybe I'm wrong, the district judge says you didn't make a procedural complaint about the solitary confinement. Your only complaint was that, as a pretrial detainee, he couldn't possibly be put in solitary confinement. Is it... Is the district judge wrong in saying that? I didn't understand your question. The district judge's order says you didn't make a procedural complaint, you didn't say he wasn't given sufficient due process before being put in solitary confinement. Your complaint was that, because I'm a pretrial detainee, I can't be put in solitary confinement. Is that right? Correct. Could a county jail put a pretrial detainee in solitary confinement? That's not... They don't do that at Clark County Detention Center. Well, now that's not what I'm asking. Could a... Constitutionally, could a county jail... No, they couldn't, because... And that's the point on Delvers-Wolfish and Castroburg County of Los Angeles, is that a pretrial detainee is fundamentally different, and that's... We can't isolate... Let's assume a pretrial detainee misbehaves in some way. Can the county jail put him in solitary confinement? My understanding is that you can't... A pretrial detainee cannot be put in solitary confinement, and the distinction I'm trying to make here is because, as punishment, and that's the salient fact in this case, is that he was being punished, and that's what these cases, Delvers-Wolfish County, Castroburg County of Los Angeles, is that, unlike a convicted prisoner who can't be cruelly punished, a pretrial detainee cannot be punished at all. That's the question I'm asking, and you're still... You're fighting me on it. I really need to know your answer. Let's assume a pretrial detainee misbehaves, and therefore, the sheriff says, he's misbehaved. I'm going to put him in solitary confinement. Does that violate the Constitution? I don't know that that would violate under those specific facts. So, here, doesn't your complaint have to be that he couldn't be put in solitary confinement for the behavior that he engaged in? Correct. But that's why I ask, because the judge says, the judge said, that's not the claim you were making. The claim you were making was that no pretrial detainee could be put in solitary confinement. Well, and certainly, we should have the opportunity to amend if that was the concern. They summarily dismissed everything, and part of what's strange about the district court's order is that he finds that we have enough facts to preclude summary judgment. He finds that the claim's not barred by Heck v. Humphrey, but nonetheless, still grants summary judgment. I mean, it's inconsistent, and we didn't get that opportunity. I'd submit that the two pieces of evidence, that if they're viewed in our favor, the district court's, the transcript, which is at Exeter Record 77-78-79, when the state district court judge says, after everything I did, they called my office, they said, you cannot, Clark County Detention Center said, we're transporting him back. I said, no, you cannot. He's not under a term of imprisonment, and DOC was pretending they didn't, and I think it's bad. I'd suggest the state of Nevada intervene, and, Your Honor, that's my point, is that, in this case, the individual defendants deliberately disobeyed the court order. They should be held in contempt and fined. I'm with you on that. I'm just trying to figure out whether there's a constitutional right that was violated. I'd submit that the findings of fact and conclusions of law, where his judgment of conviction is stricken and that order, when they're viewed in our favor, it could lead a reasonable juror to determine that this was done as punishment, and under the 14th Amendment, that does state a cognizable claim for a pretrial detainee. I'll save my last couple minutes, unless there's any other questions. Thank you, Your Honors. May it please the Court, Joseph Tartakovsky for the Nevada Department of Corrections. The Department of Corrections was a bit player in this larger and confused drama. Well, they're not exactly a bit player. They put him in solitary confinement. Well, we put him in solitary confinement, but not for the crime charge, so under Bell v. Wolters. Well, maybe, but here's what's troublesome. That's why I asked your colleague about what the district court held. He says, when I got to the state prison, and I said, I have a court order here that doesn't . . . you know, I should be in county jail. They said, shut up and put him in solitary confinement and in punishment for that. He may not have pled that very well, but if that's true, doesn't that state a constitutional claim? No, for two reasons. First of all, this Court has said that a constitutional challenge to solitary confinement comes under different heads, depending on the facts or allegations. If your cell was dirty, it's the Eighth Amendment. If there's a procedural . . . Keep your voice up, please. If their cell was dirty, it's the Eighth Amendment. If there's a procedural problem, it's the Due Process Clause. And if your claim is, as Mr. Heiser's is, that you spoke up about something and were put in solitary as punishment or retaliation, that's a First Amendment claim. That's Pratt v. Roland. And the problem . . . But didn't he . . . he put aside the label. Didn't he plead that? No. I mean, he said, when I got to county jail . . . the federal . . . state prison, I'm sorry. I spoke up and I said, it's a mistake. I've got this court order. And they said, shut up and slap me in solitary confinement. Whether he characterized it correctly, doesn't that state a claim? It's a First Amendment claim. Sure. Fair enough. It's a First . . . Okay. So that's point one. And point two is, he didn't wave around a court order. His theory is not that he came and said, I'm not . . . I have a court order. He doesn't allege that counsel was involved. He doesn't allege that he provided any court documents. His theory, to the contrary, was that he, quote, advised caseworkers that he wasn't supposed to be there. That's his word. He says it again and again. But put that aside. He says, I told them I'm not supposed to be here. And in retaliation, they put me in solitary confinement. That may be B.S., but we're at the summary judgment stage. Why doesn't that state a constitutional claim? Because case . . . because that's not how . . . that's not the process by which . . . You're right in saying that's not how he characterized it. Yeah. Okay. So it's not how he characterized it. But we're at . . . we're at an early stage. You get into court . . . you get into state prison with a court order. It's the only way. And it's the only way you get out of court order . . . out. There's a process when you allege that I'm not supposed to be here, I'm innocent, I've been kidnapped. It's called habeas. It's for courts to determine. State prison workers are told all the time that someone's not supposed to be there, they're innocent, and they have no . . . They may have immunity. That's not what the judge said here, though. The judge said you didn't state an Eighth Amendment claim, right? First Amendment claim. He didn't invoke the First Amendment anywhere in his complaint. And that is . . . that's black letter . . . If he invoked the First Amendment in his complaint, would he have survived summary judgment? Yeah. I think he would have. However, that's not the theory of his case. As I say, his claim was he told case workers that he wasn't supposed to be there. That's all he says. He throws in the solitary confinement. But they have no duty to check into that. He represents in his complaint that he's represented by counsel this entire time. This is counsel that negotiated both the first and the second plea. So where was counsel? This is not the Department of Correction's job to investigate. Well, look, let's be fair. Somebody on your side of the table screwed up here. He wasn't supposed to be sent to state prison. I don't . . . it may not be your . . . it may be that all of you are perfectly innocent, but as a result of a screw-up by the state, this guy was put in state prison before he pleaded guilty to the crime, right? Or the state trial judge or his defense counsel. Or somebody in the state . . . you're representing the state of Arizona . . . I . . . State of Nevada. I'm sorry. I represent the Nevada Department of Corrections. Oh, yeah. Somebody on the Nevada side of this screwed up. Right. But not necessarily someone at this table. I know. I . . . And he stated a 14th Amendment due process clause claim. And as I think you were recognizing, there is no such claim against being held as a pre-trainee . . . a pretrial detainee in . . . And that's why I was focusing on the . . . There's no . . . there's no such rule. If there were such a rule, numerous state and federal laws would be invalidated instantly. For instance, Nevada allows the state prison by statute to take on county inmates for any number of reasons. They have a health issue that could be better addressed in the prison, like they need a vaccine. The county jail is overflowing. The individual has an inmate . . . an enemy in the county institution, so he's safer in the prison. It happens all the time. Just looking at the title of the institution actually could be misleading. In the federal system, for instance, the Metropolitan Correctional Complex in Manhattan, a pretrial facility where El Chapo is awaiting trial, is a supermaxed prison compared to a typical low security white collar. So there's no constitutional rule. His entire claim is premised on the belief that there is such a rule, which is perhaps why he didn't add any factual allegations. He thought that this non-existent rule did the work for him. Doesn't he have a liberty and arrest to stay in the county jail and not in solitary confinement in the prison? Perhaps he hasn't stated it properly. He hasn't stated a First Amendment claim. Should we remand and allow him to amend his pleadings? No, because he doesn't seek that as belief from this court. He says it now, as you pointed out, the deficiencies, but it's not among his questions presented on appeal. In the portions of his briefing where he nevertheless discusses amendments, they're solely with reference to amending against the Clark County Detention Center on his Monell claim. And nowhere in his briefing does he even suggest the type of facts he would have liked to allege against NDOC. Was he given an opportunity to amend Monell? No, he wasn't. And that's because the district court agreed with this 14th that there's no such rule, but he didn't allow him to amend because he thought it would have been futile, because he really was, if you had to pick, more like a convicted inmate. Well, but I take it under your view of the law, it would not be futile to assert a First Amendment claim. But he didn't allege it properly. He hasn't asked you to remand it so that he can add a First Amendment claim. So it seems improper for this court to do that, to help him. And this is experienced counsel. He brings these cases all the time. He pled the case as he did, and he hasn't asked you to be allowed to amend to do this. Is this a usual procedure under Nevada law to try to have, to undo the federal court's determination that the sentences should be consecutive? No. It seems to have been an innovation. I'm not aware of it now. County inmates are sent to prisons, but this particular scheme, I'm not aware of. This was an innovation of the state trial court judges, who, unfortunately, is not at our table. Unless there are any other questions, I'll sit down, because I want to leave my colleague a chance. Thank you, Your Honors. May it please the court, Your Honor, I'm Lisa Anderson on behalf of the Las Vegas Metropolitan Police Department. Because we've had some discussion about the facts of the case, I think we need to distill four essential facts that relate to my client. The first is that although he was at the state prison for a period of time, my client doesn't come into play. The start date for my client is on May the 7th of 2014, and that is when the court held the hearing after she had already vacated the sentence and vacated the judgment of conviction, and at that time, remanded him to the custody of the Clark County Detention Center. The second important fact is the end date, because although it's not specifically pled by date in the complaint, we know that he's alleging that he was improperly incarcerated for approximately 16 months. And if we look at that 16-month date from the date that the judgment was vacated in January 31st of 2013, we come back to that May 2014th date again. And that comports with the date that he actually was returned to our custody, which was on May the 15th of 2014. So with respect to my client, Your Honor, we're dealing with, Your Honors, we're dealing with a scenario of approximately eight days where he was allegedly transported in violation of the court's order and was held at the state correctional facility for those eight days before he was transferred back to the Clark County Detention Center. Because I don't think there's any contention that you improperly, maybe I'm wrong about this, there's no contention that you improperly detained him the rest of the time. He was a pre-trial detainee in his own words. No, absolutely. And similarly... So focus on the transfer to state prison. Okay, with respect to the transfer to the state prison, you know, in that particular scenario, that transport in and of itself, the violation of the court's order, I agree with the court. You know, if in fact we did that, there was a valid court order that we were aware of and we transferred him in violation of that court order, then that's a contempt issue. But it certainly doesn't give rise to a separate due process right. It doesn't create a liberty interest for him to remain at the Clark County Detention Center, particularly in light of the fact that his primary argument against both of the defendants, but more acutely towards us, is that it has to do with the location. You know, I shouldn't have been in prison. I should have been detained at the detention center. But at least with respect to those eight days, we see specifically in the complaint, he doesn't plead that during that eight-day period of time, that's when he was in solitary confinement. In fact, it's pled that that solitary confinement occurred before that date, before my client was involved. So during that eight-day period of time, his only complaint, the only alleged punishment, if you will, was the location. And the court is absolutely right, and I agree wholeheartedly with counsel, that there isn't any constitutional right to be held in a facility like ours, where it's typically pre-trial detainees, as opposed to a state correctional facility. When I was looking at various issues related to this case, I looked at the amicus briefs in the Kingsley case before the Supreme Court last year. And there are over 20 states that co-mingle pre-trial detainees and convicted prisoners in these types of correctional facilities. There is no per se rule of law that says- Once he gets an order that he considers beneficial to himself to stay in county jail, where there may be better facilities for him, better installation, more television, better food, I don't know what, right? He doesn't need- that he had a liberty or property interest that was taken away from him by the two officers who transported him to the prison. My answer to that would be no. Because first and foremost, we don't have him pleading that the conditions were different in either of the two facilities. In fact, I would submit to you that the conditions at the state prison are probably substantially better than that at the Clark County Detention Center. But more importantly, the claim that was made was against my client, the police department, as a municipality. And so we have to evaluate this pursuant to Monell. And here, a single violation of a court order in a very aberrant situation like this- It doesn't help the individual officers, does it? Well, it doesn't help the individual officers, but the fact is, with respect to the individual officers, they would be subject to qualified immunity, which was another reason why- The district court didn't go on that basis. The district court didn't address the issues related to the individual officers because they weren't parties to the lawsuit at the time. Yes. On the issues in front of us, it may well be that they're entitled to qualified immunity, but that's not what the district court held. No, the district court made some footnote comments suggesting that there wouldn't be an independent basis for liability against those officers, but that the officers weren't in front of him at this time. I mean, the sole claim that was against, it was against the police department as a municipality. But again, with respect to that liberty interest, again, I'm not aware of any cases, they certainly weren't pled in this lawsuit, that relate to the notion that just simply by virtue of the fact that you receive a court order, that that would otherwise create a due process or a liberty interest that doesn't otherwise exist under the Constitution. Can I ask one more question? I know we're over time. I looked at the court order. The court order just simply remands the plaintiff in this case to the custody of your client, correct? Yes. It doesn't otherwise detail that he will remain there until taken by the federal officers, does it? No, Your Honor. And another important point to point out is that that particular order... And you're over time, but I think you can just answer that yes or no. Yes. It's just simply... It's a standard order remand. It just simply remands him, yes. Thank you. Your Honor, the Department of Corrections conceded that we have a constitutional claim. The argument being, oh, well, it wasn't pled that way. That's not a just resolution. Well, it may not be a just resolution, but we're four years down the road in this case, and you've never alerted a district court that you have a First Amendment claim. It's not in your briefs here. So the question is, do you get to start over? Because the other side now says, well, if you'd pleaded it differently, maybe you'd have a claim. But at page 338 of the actual record, paragraph 26 of the complaint, it does reference the retaliation. This was a case that was filed in our notice pleading jurisdiction in state court and was removed by the defendants. That's not a just resolution to say, to allow them to move to a more restrictive pleading standard and then try and use it against us. At page 19 of the opening brief, there's an argument section that specifically asks for the opportunity to amend. The district court didn't allow us to do that. Rule 15 affords that leave should be freely given when justice requires. And I'd submit that the just resolution here would be to allow them to amend it. Also, Sandin and the Resnick v. Cays, I think, do stand for the proposition that you've got a liberty interest as a pretrial detainee. But are claims broader than that in terms of the retaliation as well? I'd ask that you remand and allow us that opportunity. Thank you. Thank you very much. The case of Heisser v. Nevada Department of Corrections is submitted.
judges: Bea, Hurwitz, Motz